UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

ANTHONY JOHN HOFFMAN,

        Plaintiff,

    v.                                  Case No. 22-cv-1395-bhl

DENISE BONNETT,

        Defendant.

───────────────────────────────────────────────

## SCREENING ORDER

───────────────────────────────────────────────

Plaintiff Anthony John Hoffman, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Hoffman's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Hoffman has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Hoffman has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $7.61. Hoffman's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Hoffman asserts that Defendant APNP Denise Bonnett failed to give him proper medical attention and failed to adequately assess his heart and left shoulder. He also asserts that she retaliated against him after he filed his first inmate complaint against her. Hoffman explains that Bonnett believes he uses the corrections system to be his personal healthcare provider and that she asked him why he didn't take care of himself while he was free. Dkt. No. 1 at 2-3.

### THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court asks two questions when evaluating whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

The complaint fails to comply with Fed. R. Civ. P. 8 because it does not contain sufficient factual content to allow the Court to reasonably infer that Hoffman suffers from an objectively serious medical condition or that Bonnett was deliberately indifferent to Hoffman's conditions. Hoffman references his heart and his shoulder, but he includes no description of his symptoms or explanation of why he sought medical treatment. Without this information, the Court is left to speculate about the severity of his conditions. Because a complaint's allegations must be enough

3

to raise a right to relief above a speculative level, Hoffman fails to state a claim. *See Twombly*, 550 U.S. at 555.

Moreover, the complaint fails to state a claim because the Court is unable to reasonably infer that Bonnett was deliberately indifferent to Hoffman's conditions (whatever they may be). Hoffman asserts that she did not give him "proper" attention or "adequately" assess him, but he does not explain what Bonnett did or did not do in response to his requests for medical care. While it is true that, at this stage, the Court must accept Hoffman's factual allegations as true, that requirement does not extend to legal conclusions or Hoffman's opinions. The complaint must describe Bonnett's conduct to provide her and the Court with notice of why Hoffman believes his rights have been violated.

Finally, Hoffman also fails to state a retaliation claim against Bonnett. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Hoffman alleges that he filed an inmate complaint about Bonnett, but he does not state what deprivation he suffered after he filed his complaint. He notes that Bonnett made a "bold" statement about him not taking care of himself before he was incarcerated, but perceived slights such as those are not likely to deter First Amendment activity in the future, and, in any event, it appears that Bonnett made this statement *before* Hoffman filed his inmate complaint.

The Court will give Hoffman an opportunity to file an amended complaint to cure the deficiencies identified in this decision. Hoffman should draft his amended complaint as if he is

4

telling a story to someone who knows nothing about his situation. This means that he should describe the conditions that he has sought medical treatment for and what Bonnett did or did not do in response to his requests for treatment. Merely concluding that Bonnett's responses were inadequate without facts to support that conclusion will be insufficient to state a claim.

Hoffman is advised that an amended complaint replaces the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Hoffman chooses to file an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Hoffman does not file an amended complaint, the Court will dismiss this case based on Hoffman's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Hoffman's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** and that his motion for an extension of time to pay the initial partial filing fee (Dkt. No. 9) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **February 13, 2023**, Hoffman may file an amended complaint curing the defects in the original complaint as described in this decision. If Hoffman does not file an amended complaint or a written explanation of why he is unable to do so by the deadline, the Court will dismiss this action based on his failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hoffman a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hoffman shall collect from his institution trust account the $342.39 balance of the filing fee by collecting monthly


payments from Hoffman's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Hoffman is transferred to another institution, the transferring institution shall forward a copy of this Order along with Hoffman's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Hoffman is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Hoffman is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 12, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge