UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTHONY JOHN HOFFMAN,

        Plaintiff,

    v.                                                           Case No. 22-cv-1395-bhl

DENISE BONNETT,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Anthony John Hoffman, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On January 12, 2023, the Court gave Hoffman an opportunity to file an amended complaint, which he did on January 23, 2023. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide

a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Hoffman explains that he has cardiomyopathy and cardio arrythmia which cause shortness of breath, severe chest pains, dizziness, loss of appetite, and fainting. He states that he had a follow-up appointment with Defendant Denise Bonnett on July 29, 2022. Hoffman reports that she told him his heart was fine, so he could stop having anxiety about it. He asserts that he informed her that Dr. Simmons had examined him and prescribed medication and scheduled a follow-up appointment. Hoffman asserts that he could see Bonnett getting agitated, so he tried to change the subject by asking her when the x-rays for his previously disclosed shoulder pain would be scheduled. According to Hoffman, she denied saying she would order x-rays and asked him what was wrong with his shoulder. Hoffman explained that he had been losing muscle in his left shoulder and that it was swollen and painful. Bonnett then told him she wasn't there to examine his shoulder and, after making a sarcastic comment, told him he could live with the pain. Bonnett expressed frustration that Hoffman had wasted her time and told him that she wouldn't have seen him if she had known he had already been examined for his heart. Hoffman states that Bonnett later stopped his medications (he does not state what the medications were prescribed for or what response he had to the canceled medications) and refused to see him. Dkt. No. 11 at 2-3.

## THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted).

2

The Court asks two questions when evaluating whether medical care amounts to cruel and unusual punishment; it asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

Only some of Hoffman's allegations are sufficient to survive screening. Although Hoffman's amended complaint suggests that he may have objectively serious heart conditions and that Bonnett was deliberately indifferent to those conditions, Hoffman nevertheless fails to state a claim because he does not allege that suffered any harm from her lack of response to his heart conditions. According to Hoffman, he had been recently treated by a doctor who prescribed medication and ordered a follow-up appointment. Because Hoffman's conditions were already being addressed, he was not injured by Bonnett's dismissive attitude. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.'").

Hoffman does, however, state a deliberate indifference claim based on Bonnett's alleged response to his shoulder pain. According to Hoffman, Bonnett refused to address his complaints of pain, told him to live with it, and refused to see him again.

Hoffman also fails to state a retaliation claim against Bonnett. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). It does not appear that Hoffman engaged in activity

protected by the First Amendment. Moreover, his allegations suggest that Bonnett treated him poorly because she was irritated at him for wasting her time, not because he engaged in activity protected by the First Amendment. Although perhaps petty and vindictive, such a motivation is insufficient to form the basis of a retaliation claim.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Hoffman's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Denise Bonnett.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Denise Bonnett shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on January 30, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
