UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY JOHN HOFFMANN,

            Plaintiff,

v.                                                   Case No. 22-cv-1395-bhl

DENISE BONNETT,

            Defendant.

## DECISION AND ORDER

Plaintiff Anthony Hoffmann, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim against Defendant Denise Bonnett based on allegations that she was dismissive of his shoulder pain, discontinued his medications, and refused to see him again. Dkt. No. 12. On October 5, 2023, Defendant filed a motion for summary judgment. Dkt. No. 21. In a notice and order, the Court reminded Hoffmann that under Civil L. R. 56(b)(2) his response materials were due November 6, 2023. Dkt. No. 27. The Court warned Hoffmann that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. At Hoffmann's request, the Court extended his deadline to respond three times. The most recent extension required Hoffmann to file his response materials by December 27, 2023. The extended deadline has passed, and Hoffmann still has not responded to Defendant's motion.

The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed true as a result of Hoffmann's failure to respond, the Court finds that Hoffmann never filed a health services

request about his shoulder pain prior to his evaluation by Defendant on an unrelated issue, that he informed Defendant that he did 500 pushups each day, and that he waited more than a month after being released from the restricted housing unit to request a follow-up examination, which he then refused because he did not want to pay a medical copay. With the foregoing undisputed facts in mind, no jury could reasonably conclude that Hoffmann's shoulder pain, which Defendant believed to be only a muscle strain, was objectively serious. *See Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (holding that to prevail on a medical care claim, a plaintiff must show he suffered from an objectively serious medical condition and that the defendant was deliberately indifferent to that condition)

Further, the Court finds Defendant did not cancel Hoffmann's prescriptions for over-the-counter medications but merely let them expire because Hoffmann was able to purchase them from the canteen, that she reinstated his prescription for ibuprofen immediately after Hoffmann complained that it was the only medication that provided him relief for his gout, and that Defendant examined Hoffmann multiple times. Accordingly, even if Hoffmann had provided evidence that he suffered from an objectively serious medical condition, no jury could reasonably conclude that Defendant was deliberately indifferent to those conditions. *See id.* Accordingly, Defendant is entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 21) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 16, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.